UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08350-SVW-PLA | Date | January 27, 2014 |
|---|---|---|---|
| Title | Christopher Manning v. Performance Mechanical, Inc. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

   Plaintiff Christopher Manning filed a complaint for Wrongful Termination in Violation of Public Policy and Breach of Collective Bargaining Agreement against Defendant Performance Mechanical, Inc. in the Los Angeles County Superior Court on August 27, 2013.  (Dkt 1, Ex. A ¶ 8).  On November 12, 2013, Defendant removed the case to this Court on the ground that Section 301(a) of the Labor Management Relations Act ("LMRA") governs suits for breach of a collective bargaining agreements ("CBA").  29 U.S.C. § 185(a).  On January 10, 2014, plaintiff voluntarily dismissed his claim for breach of the CBA pursuant to Federal Rule of Civil Procedure 41(a)(1).  (*See* Dkt 22.)

   Plaintiff moves to remand the case to state court on the ground that no federal question remains now that the claim for breach of the CBA has been dismissed.  Defendant argues that the complaint is still preempted by the LMRA because plaintiff's remaining claim for wrongful termination requires the Court to interpret the CBA.  Having considered the parties' arguments and reviewed the pleadings and exhibits, the Court finds the motion suitable for determination without oral argument.  Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing scheduled for February 3, 2014, is VACATED.

   "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consol. Freightways*, 255 F.3d 683, 693 (9th Cir. 2001).  Here, the remaining cause of action for wrongful termination does not require any interpretation of the CBA.  The wrongful discharge claim alleges that defendant terminated plaintiff's employment "in violation of the California Constitution right to privacy."  (Compl. ¶ 11.)  To resolve this claim, the Court must determine whether defendant had reasonable suspicion to subject plaintiff to a drug test.  *See Kraslawsky v. Upper Deck*

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-08350-SVW-PLA | Date | January 27, 2014 |
|---|---|---|---|
| Title | Christopher Manning v. Performance Mechanical, Inc. | | |

JS-6

*Co.*, 56 Cal. App. 4th 179, 65 Cal. Rptr. 297, 302 (1997). The answer to this question depends on evidence surrounding the events that prompted defendant to ask plaintiff to take the drug test, not on the terms of the CBA. (*See* Dkt 19 at 2-3.) Therefore, there is no preemption under § 301(a), and no federal question remains in this case.

Because the removability of a case is determined based on the pleadings filed at the time of removal, a "plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Nevertheless, the Court may decline to continue to exercise jurisdiction over the sole remaining state law claim. 28 U.S.C. § 1367(c)(3). Ordinarily "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court must determine what will "best accommodate the values of economy, convenience, fairness and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). This lawsuit is still in its early stages and no court has invested significant time in it. Accordingly, the Court hereby REMANDS this case to the Los Angeles County Superior Court.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |